**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHRISTIAN BACCUS,**

        **Plaintiff,**

        **v.**

**CITY OF COLUMBUS DIVISION**
**OF FIRE,**

        **Defendant.**

**Case No. 2:25-cv-00724**
**Judge Edmund A. Sargus**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on June 30, 2025, along with his complaint. (Docs. 1, 1-1). For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED**.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). "Courts generally examine an applicant's employment, income, expenses, and any property or assets the applicant possesses when considering applications to proceed *in forma pauperis*." *Motley v. Dream Living LLC*, No. 2:23-CV-3478, 2024 WL 2962791, at *1 (S.D. Ohio June 12, 2024). Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the court's filing fee will render the plaintiff unable to provide for himself, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339. "Proceeding IFP 'is a privilege, not a right,

and permission to so proceed is committed to the sound discretion of the court.'"  *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (citation omitted).

In his affidavit, Plaintiff says that he is employed and earns $2,853.84 per month.  (Doc. 1 at 2).  His spouse is also employed and earns $6,400 per month.  (*Id.*).  Plaintiff further states he has $303.95 in cash on hand or in a bank account; owns a car valued at $9,000; has $569.43 in a Roth IRA; and has $4,750 invested in crypto.  (*Id.* at 3).  Plaintiff pays $1,378.08 to support his three children and $4,217.17 worth of other monthly expenses.  (*Id.*).

Based on these representations, it is not clear that paying the one-time filing fee would cause Plaintiff to be deprived the necessities of life.  *See Adkins*, 335 U.S. at 339.  Specifically, his monthly expenses do not appear to exceed his family's monthly income.  After subtracting his monthly expenses ($5,595.25) from the employment income he and his spouse receive ($9,253.84), Plaintiff still has $3,658.59 left over every month.  And currently, he has over $300 in either cash or in bank accounts, as well as various assets.  These circumstances do not justify granting Plaintiff *in forma pauperis* status.  *Cf. Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons . . . who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee").  Instead, this "appears to be a case where Plaintiff must 'weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims.'"  *Henderson v. Pappas Trucking LLC AG Container*, No. 2:21-CV-2088, 2021 WL 2003986 (S.D. Ohio May 4, 2021) (citation omitted), *report and recommendation adopted*, No. 2:21-CV-2088, 2021 WL 2002408 (S.D. Ohio May 19, 2021).

2

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED**. If this recommendation is adopted, it is further **RECOMMENDED** that Plaintiff be required to pay the filing fee within **thirty (30) days** of adoption. Additionally, should this recommendation be adopted and Plaintiff be required to pay the filing fee, Plaintiff would be responsible for serving Defendant in this action.

Finally, it appears that Plaintiff may have revealed the identity of minor children, contrary to the instructions of the *in forma pauperis* form. (*See* Doc. 1 at 2 (instructing plaintiffs to identify minor children by their initials only)). Out of an abundance of caution, the Clerk is **DIRECTED** to place Plaintiff's *in forma pauperis* motion (Doc. 1) under seal.


Date:   July 2, 2025

                                                     /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE


### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).