IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTIAN BACCUS,

      Plaintiff,

   v.

CITY OF COLUMBUS DIVISION
OF FIRE,

      Defendant.

Case No. 2:25-cv-00724
Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Motion to Amend/Correct Case (Doc. 18) and Defendant's Motion to Dismiss (Doc. 16). For the following reasons, the Court **DENIES without prejudice** Plaintiff's Motion to Amend/Correct Case (Doc. 18). The Undersigned also **RECOMMENDS** that Defendant's Motion to Dismiss (Doc. 16) be **GRANTED**.

**I.    BACKGROUND**

This case is about discrimination Plaintiff Christian Baccus allegedly experienced at the hands of the City of Columbus, Division of Fire (the "City"). As told by his *pro se* Amended Complaint, Plaintiff—a Black, 47-year-old man—was employed by the City as a firefighter in "Recruit Class #119." (Doc. 12 at 4; *see also* Doc. 1-1 at 3 (Plaintiff's original complaint alleging his employment began in October 2023)). He says he "worked hard to earn a seniority rank in the top of [his] company, to pass all physical fitness tests, all academic subjects[,] and written exams. [He] progressed through the Training Academy passing [his] 240 skills exam and State Firefighter Certification." (Doc 12 at 4). Additionally, as part of his training, he was enrolled in "practical skills training" called "Fire Assignments." (*Id.*).

Though not completely clear, it seems that during Fire Assignments, Plaintiff was disciplined by his superiors for aspects of his practical performance. (*Id.*). He also experienced

"ridicule" at the hands of one of his instructors, and he alleges his superiors "lied" about him on evaluations and elsewhere. (*Id.* at 4–5). Then on March 14, 2024, the City gave Plaintiff the "option to resign or be terminated." (*Id.* at 4). Initially Plaintiff opted for termination, but he later "changed [his] decision to resign." (*Id.*). Plaintiff further claims that other recruits who were white or women were not treated similarly. (*Id.* at 4–5). For some, the City authorized additional training; and for others, the City allowed enrollment in other recruit classes. (*Id.*). Plaintiff also says he was "treated differently" because of his age. (*Id.* at 3). Finally, Plaintiff alleges that the City's firefighter recruit evaluation methods are subjective and result in Black male recruits being dismissed at a higher rate than white or female recruits. (*Id.* at 5).

While Plaintiff does not specify what claims he brings, his Amended Complaint can be read generously as raising discrimination claims under Title VII, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (*See generally id.*). He also potentially raises a state law defamation claim. (*See, e.g.*, *id.* at 6 ("I want the court to see that the City of Columbus/Division of Fire award me for all of the defamation")). As relief, he seeks reinstatement with the City, compensatory damages, and possibly an injunction concerning the City's training and evaluation methods for firefighter recruits. (*Id.* at 6).

Following service of the Amended Complaint, the City filed a partial answer and a partial Motion to Dismiss. (Docs. 15, 16). Plaintiff opposes the latter and separately moves to amend his complaint. (Doc. 18). Both Plaintiff's Motion to Amend and the City's Partial Motion to Dismiss are ready for review. (Doc. 16, 18, 19, 20, 24; *see also* Doc. 27 (order referring the partial motion to dismiss to the Undersigned for a report and recommendation)).

2

**II.     STANDARD**

Two federal rules matter here.  First, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires."  This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'"  *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Second, Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true.  *Twombly*, 550 U.S. at 556–57.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Additionally, "[a]lthough for the purposes of a motion to dismiss [a court] must take of all the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.* (citing *Twombly*, 550 U.S. at 555).

Further, though *pro se* complaints are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th

3

Cir. 1989). Said differently, "[t]he requirement for liberal construction . . . does not translate to ignoring a clear failure in the pleading to allege facts which set forth a cognizable claim." *Kidd v. Neff*, No. 1:12-cv-40, 2012 WL 4442526, at *2 (E.D. Tenn. Sept. 25, 2012). The complaint must still "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. DISCUSSION

The Undersigned first considers Plaintiff's Motion to Amend before turning to the City's Partial Motion to Dismiss.

#### A. Motion to Amend

Plaintiff's request to file a second amended complaint is brief. He states:

> As a result of the discrimination I have endured from [Defendant], I have experienced a medical emergency that resulted in a break of my emotional well-being. I was recently terminated from my job due to this medical emergency without checking to see what my medical status was. This break resulted in damage to my character. Please allow me to amend my case to reflect the nature of these events.

(Doc. 18 (citation modified)). Because Plaintiff did not attach a proposed amendment to his Motion, the Undersigned is uncertain from this scant description exactly what claims or allegations Plaintiff seeks to add. The City infers from Plaintiff's Motion that he wants to allege additional damages and potentially an unspecified new claim. (Doc. 24 (arguing such an amendment would be alternatively unnecessary or futile)). Without more, though, the Court cannot sufficiently evaluate Plaintiff's request. *See, e.g.*, *Gales v. Charles*, No. 2:21-CV-328, 2023 WL 3984307, at *4 (S.D. Ohio Mar. 10, 2023) (denying without prejudice a motion for leave to amend where the plaintiff did not attach the proposed amendment because "the Court cannot review the same for futility")).

4

Accordingly, Plaintiff's Motion to Amend (Doc. 18) is **DENIED without prejudice**. If Plaintiff still wishes to file a second amended complaint, he must file a motion with the proposed amendment attached.

Tangentially, Plaintiff recently filed a document entitled "Causes of Action." (Doc. 26). The Undersigned is unsure what Plaintiff intends this filing to be. It lists claims and relief with some elaboration, but not much. (*Id.*). Additionally, it is unsigned. (*Id.*). To the extent this is supposed to be another request to amend, Plaintiff must file a formal motion, attach the proposed amendment, and sign his filings.

B. **Partial Motion to Dismiss**

The Undersigned next turns to the City's Partial Motion to Dismiss (Doc. 16). The City reads Plaintiff's Amended Complaint as raising state law defamation claims. (*Id.*; *see also* Doc. 12 at 5 ("It's despicable and disrespectful to blatantly lie on someone . . . There are several Columbus Division of Fire documents (training evaluations and others) that are flat out lies.") ("I did not die! This is another lie."), 6 ("[T]hey lied on me but they knew that they were all lies.")). To the extent it does, the City argues, the claims are barred by the applicable statute of limitations. (Doc. 16 at 2–4). The Undersigned agrees.

Under Ohio law, an action for libel and slander must be brought "within one year after the cause of action accrued." Ohio Revised Code § 2305.11(A). "The rule has long been that 'the statute of limitations begins to run when the allegedly defamatory words are first spoken or published regardless of the aggrieved party's knowledge of them.'" *Haas v. TruPartner Credit Union, Inc.*, No. 1:22-CV-678, 2024 WL 3925724, at *3 (S.D. Ohio Aug. 22, 2024) (quoting *Friedler v. Equitable Life Assur. Soc. of the United States*, 86 F. App'x 50, 53 (6th Cir. 2003)). A narrow exception exists for claims of libel "when the publication of libelous statements was

secretive, concealed, or otherwise unknowable to the plaintiff due to the nature of the publication." *Weidman v. Hildebrant*, 254 N.E.3d 2, 10 (Ohio 2024). In that rare case, the statute of limitations is subject to the discovery rule, which states "a cause of action does not arise until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that he or she was injured by the wrongful conduct of the defendant." *Id.* at 7 (citation omitted). But, "when the defamed person gains knowledge of the defamatory statements within the statute-of-limitations period, the discovery rule is not applicable." *Id.* at 10.

Here, Plaintiff states that he resigned on March 14, 2024. (Doc. 12 at 4). The City contends the Amended Complaint alleges defamatory statements that were made only while Plaintiff was still employed. (Doc. 16). Therefore, any defamation cause of action accrued at the very latest on March 14, 2024. (*Id.*). And because Plaintiff did not file this action until June 30, 2025, his defamation claims are time-barred. (*Id.*).

To be sure, it is difficult to ascertain from Plaintiff's Amended Complaint exactly when the conduct underlying the alleged defamation occurred. Plaintiff alleges that the City lied on evaluations, which the Undersigned can infer were written prior to Plaintiff's resignation. (*See* Doc. 12 at 5). But it is not wholly clear when other "lies" were first spoken or published. (*See, e.g.*, *id.* at 6 (asking that the City hold certain officers accountable for lies that made Plaintiff "look like [he was] incompetent and incapable of doing this job" but not specifying when the statements occurred)). And Plaintiff's one-sentence substantive response to the City's Motion does not help much. (Doc. 19 at 3 ("The Defendant clearly is aware that some of the facts of this case took place beyond the inferred statute of limitation.")).

Ultimately, though, the Undersigned need not designate the exact day any of the allegedly defamatory statements happened. As stated, Ohio law is clear that an action for defamation must

be brought within one year after the cause of action accrued, and the general rule is the statute of limitations begins to run when the defendant first speaks or publishes the allegedly defamatory words. *See* Ohio Revised Code § 2305.11(A); *Haas*, 2024 WL 3925724, at *3. The Court need not depart from the general rule because Plaintiff does not allege published statements were "secretive, concealed, or otherwise unknowable . . . due to the nature of the publication." *Weidman*, 254 N.E.3d at 10; (*cf. e.g.*, Doc. 12 at 5 (alleging "lies" written on training evaluations)). And the allegations do not, even liberally construed, allow for an inference that he learned of the publication of any libelous statements outside of the one-year statute of limitations period. (*See generally* Doc. 12). So, the narrow discovery rule cannot apply. *Weidman*, 254 N.E.3d at 10 ("We do little more today than recognize, again, though in a new context, that a plaintiff cannot be said to have slept on his rights when he was unaware that he was injured.").

Taken together, this means that Plaintiff's Amended Complaint may assert defamation claims only for statements spoken or published on or after June 30, 2024—within one year of when he initiated this action. Any prior claims are time-barred. *See also Friedler*, 86 F. App'x at 55 ("The Ohio courts have consistently rejected efforts to restart the statute of limitations in a defamation action where allegedly defamatory information, which has already been published or spoken, is republished or retransmitted to new consumers.").

Accordingly, to the extent Plaintiff's Amended Complaint raises pendant state law defamation claims for conduct that took place before June 30, 2024, the Undersigned **RECOMMENDS** those claims be **DISMISSED**.

IV.     **CONCLUSION**

For the foregoing reasons, the Court **DENIES without prejudice** Plaintiff's Motion to Amend/Correct Case (Doc. 18). The Undersigned also **RECOMMENDS** that Defendant's Motion to Dismiss (Doc. 16) be **GRANTED**.

IT IS SO ORDERED.

Date:    December 15, 2025                  /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).